OLIVER L. PHELPS *against* BENAJAH KENT.

Where a debt was contracted in the state of *New-York* carrying 7 *per cent.* interest, and afterwards a security for that debt was taken in this state, including the same rate of interest, both for the time then past since the debt was contracted, and for ninety days to come, at the end of which term it was to be paid, it was held, that the transaction was not usurious.

MOTION for a new trial.

This cause was remanded to the superior court, by the supreme court of errors, on reversal of a former judgment. It was tried again on the same issue, and

the same evidence, which, being particularly stated in the report of the case, *ante*, vol. 2. p. 483. it is unnecessary here to repeat. The court directed the jury, that if they should find, that the sum reserved for the expenses or fees of *Staples*, was a reasonable allowance, and in fact reserved for his expenses or fees in securing the debt, such reservation was not usurious; but if they should find, that such sum was unreasonable, and was reserved for forbearance only, then such reservation would be usurious. With respect to the interest computed and included in the note in suit, at the rate of 7 *per cent.* up to the time when the note should become due, the court directed the jury, that if they should find, that it was done with a corrupt intent, and with a design to violate the laws of this state, they should find the issue for the defendant; but if they should not so find, then they should return a verdict for the plaintiff. The verdict was accordingly for the plaintiff; and the defendant moved for a new trial on the ground of a misdirection.

*N. Terry* and *Bradley* argued in support of the motion; and *Daggett* and *Staples* against it. The points discussed, the authorities cited, and the general course of argument, on both sides, were nearly the same as when the cause was brought up before, on a bill of exceptions.

BY THE COURT. A security taken in this state, for a debt contracted in the state of *New-York*, carrying interest, and on a contract entered into in that state, does not come within the statute against usury, although it may secure 7 *per cent.* interest, that being the legal interest allowed in that state. In this case, the debt was contracted in *New-York*, and the creditor was entitled, by the contract, to 7 *per cent.* interest, until the debt should be paid. The note taken in this state, and now in suit, is in substance a security for the debt according

June, 1809.

PHELPS
v.
KENT.

to the terms of the original contract. The mode in which the note was taken, and the time given for payment, do not change the nature of the security for the same debt and for the same interest, to which the creditor was entitled by the contract.

New trial not to be granted.