It is a principle of justice, adopted and (477) enforced by the general consent of nations, that contracts shall be governed, as to their validity and construction, by the law of the country in which they were made, unless their consideration be immoral, or they were entered into with a view *Page 262 
(478) to their execution in some other country. This rule is confined to the contract itself, and its legal effect; for the law of the forum where redress is sought must of necessity adhere to its own forms of proceeding in administering the remedy. This rule is admitted by the defendant, in whose behalf it is contended that the lex loci contractus is the law of North Carolina, inasmuch as the bond was executed here; and that, as seven per cent is an illegal rate of interest by the law of this State, the bond is void. It is true that the bond was given here, but it was to secure the payment of a debt contracted in New York, with merchants resident there, and which debt was payable there, with seven per cent until paid. It would seem strange if the law were so that the creditors suing in our courts upon the simple contract should have recovered the New York interest, which all the authorities show, and it is admitted, they could do; whereas, by taking a bond for the purpose of securing and evidencing the debt, they shall lose the whole for contravening our usury law. That the law is not so is shown by a case, precisely in point, cited on behalf of the plaintiff. There the debt was contracted in New York, carrying seven per cent interest, and afterwards a security for that debt was taken in Connecticut, including the same rate of interest, both for the time then past since the debt was contracted, and for ninety daysto come, at the end of which time it was to be paid; and it was held that the transaction was not usurious. The Court decided that the mode in which the note was taken, and the time given for payment, did not change the nature of the security for the same debt and the same interest to which the creditor was entitled by the contract. Phelps v. Dent, 4 Day, 96. I have examined every case cited in behalf of the defendant, and I cannot see any conflict between them and the case just quoted. In Phippsv. Anglesea, 1 P. Wms., 696, all the parties lived in England; the will and settlement were made there. It does (479) not appear that any contract was made in Ireland, or that any other contract was made between the parties, except the original will and settlement; certainly no new securities were taken in England. In Stapleton v. Conway, reported in 3 Atk., 727, and 1 Ves., 429, the contract was made in England, though this is rather gathered by inference from the report of the case in Atkyns; and, from the same case in Vesey, it does not appear whether the settlement was made in England or the West Indies. In the book last quoted, upon the West India interest being claimed, the chancellor makes a distinction between a contract and a voluntary disposition by will or deed, and nothing said about interest, admitting the obligation of the *Page 263 
court to give West India interest, in the first case, but leaving it discretionary in the last. The case of Raneleigh v. Champante, as reported in 2 Vern., 395, lays down the position that a party recovered English interest upon a debt contracted in Ireland, because the bond was executed in England. But the account of the same case, given in Eq. Ca. Ab., 289, pl. 2, and Precedents in Chancery, 108, is altogether different; and, according to these books, the debt was contracted in Ireland by Champante having accepted and paid bills there drawn by Lord Raneleigh, then being in England; that the latter sent over a bond for the balance he owed, payable in Ireland, and it was held that this bond, on a suit in England, should carry Irish interest. This account of the case, which is probably the true one, since it is referred to by the late editor of Vernon, is an authority in favor of the plaintiff. In Dewar v. Span, 3 Term, 425, the new bond executed by B. and D. reserved the same interest with the former one, which was usurious, because the 14th Geo. III., ch. 79, extended only to mortgages and the security respecting lands in Ireland and the West Indies, on which is allowed the foreign interest, but did not protect personal contracts. Where a contract is originally valid, and may be enforced, and a new one (480) is made, which only covers it and provides for its execution, according to the first agreement, in which light I understand this case, I think it is protected by law, and that therefore there ought to be a new trial.