The judge charged the jury that the cutting off from the note the name of Osborne did not destroy it, and the plaintiff was entitled to recover notwithstanding. The plaintiff had a verdict and judgment against William Coleman (who was not present when the alteration in the note was made and who never assented to the making of the alteration) *Page 296 
and J. F. E. Hardie. We do not agree with his Honor; for we think that the alteration of a bill or note in a material part vacates the bill or note, except as between the parties consenting to such alteration. Downs v. Richardson, 5 Barn. Ald., 674; 1 Steph., N.S., 788. The cutting off the name of one of the makers of the promissory note and substituting that of another was a material alteration of the note, and vitiated it as to William Coleman, for he agreed to be bound with Osborne, and it may be that Hardy is not a substantial cosurety.Secondly, we concur with his Honor that the action was not barred by the statute of limitations. William T. Coleman, one of the makers of the note, made a payment on it by his agent, Poor, within three years next before the commencement of this action. Poor had funds placed in his hands by William T. Coleman to aid in paying this very note, and he did aid in paying as aforesaid. This payment, made by one of the makers of the note, according to numerous decisions, took the case out of the act of limitations as to all the other makers of the note. Cases were cited to show that dividends received by the creditor under a commission of bankruptcy against one of the joint debtors will not repel the statute as to the others; and we approve of those cases, because (428) there the payments are by the force of law, and are not the acts of the parties. But the payments here are made by the debtor himself, or under his authority by his agent and out of his funds, which distinguishes this from the other cases. Thirdly, the money was loaned by the plaintiff to the Messrs. Coleman in Georgia, and the note for the repayment was then and there given. The fact that Hardy, by the consent of the plaintiff and one of the borrowers, placed his name on the paper as one of the makers of the note in North Carolina, did not make it, as to him, a North Carolina contract. The name of Hardy on the note, without a consideration, would only have been a nudum pactum. It was the loan made in Georgia by a Georgia citizen that constituted contract of loan having been in Georgia, even a note given here might properly reserve Georgia interest.McQueen v. Burns, 8 N.C. 476. Therefore, this note, purporting to be given in Georgia, though executed by Hardy here, is no evasion of our law against usury, but properly drew 8 per cent interest, which is admitted to be the rate in that State.
We think the judgment must be reversed because the judge charged that the plaintiff was entitled to recover against William Coleman, although he did not assent to the alteration made in the note. The recovery ought to have been against Hardy only.
PER CURIAM. Judgment reversed, and venire de novo. *Page 297 
 Cited: Anderson v. Doak, 32 N.C. 297; Roberts v. McNeely, 52 N.C. 507;Lane v. Richardson, 79 N.C. 161; Green v. Greensboro College, 83 N.C. 451;Long v. Mason, 84 N.C. 16; Wood v. Barber, 90 N.C. 80; Taylorv. Sharp, 108 N.C. 381; Wicker v. Jones, 159 N.C. 109.
(429)